UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| TERRY SHELDON EWING, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 14-111-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL SEPANEK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Terry Sheldon Ewing is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Ewing has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Ewing's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

1

On September 21, 2005, a federal grand jury sitting in Wichita Falls, Texas, handed down an indictment charging Ewing and ten others with conspiracy to manufacture and distribute 500 or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846(b)(1)(A)(viii). On December 14, 2005, Ewing signed a written agreement to plead guilty to this charge, as well as a factual resume setting forth the factual basis for the charge and Ewing's agreement to plead guilty to it.  Following a sentencing hearing on October 27, 2006, Ewing was sentenced to a 324-month term of incarceration to be followed by a five-year term of supervised release.  *United States v. Ewing*, No. 7:05-CR-16-R-9 (N.D. Tex. 2006).

In his petition, Ewing contends that his sentencing range was improperly increased by six offense levels pursuant to three different enhancement provisions.  [D. E. No. 1, p. 3]  Ewing indicates that the presentence investigation report alleged that he was involved in the car chase which recklessly endangered others, that a firearm was found in the vehicle and was attributable to him, and that he had emitted hazardous chemicals into the atmosphere during the manufacture of methamphetamine.   The trial court accepted these allegations and imposed two-level enhancements for each pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3C1.2, § 2D1.1(b)(1), and § 2D1.1(b)(8)(A), respectively.

Ewing contends that none of this conduct was alleged in the indictment, that there was no factual basis to conclude that he had committed it, and that the trial court did not conduct a hearing to assess its accuracy or submit it to a jury for determination.  Ewing argues that such judicial fact-finding violates *Apprendi v. New Jersey*, 530 U.S. 466, 485 (2000) and *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013).   *Id.* at pp. 3-5; pp. 5-7; pp. 7-11.  Ewing separately requests a two-level reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).  [D. E. No. 1, pp. 11-13]

Ewing's petition must be denied for several reasons. First, Ewing signed a written plea agreement on December 14, 2005. That plea agreement noted that "[t]he minimum and maximum penalties the Court can impose include: a. imprisonment for a period not less than 10 years or more than life; ..." The plea agreement also specifically provided that:

> ***Ewing*** waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further ***waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241*** and 28 U.S.C. § 2255. Ewing, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

*United States v. Ewing*, No. 7:05-CR-16-R-9 (N.D. Tex. 2006) [D. E. No. 145 therein, pp. 2, 4 (emphasis added)] Ewing specifically waived the right to challenge his sentence in a § 2241 petition. Such waivers are valid and enforceable in habeas proceedings under § 2241, and bars Ewing from asserting his claims in this proceeding. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v. United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D. Ill. June 24, 2013) (holding that *Begay* claim asserted in § 2241 petition barred by plea agreement's waiver of right to collaterally attack conviction); *Gonzalez v. Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

Even if Ewing could circumvent his express waiver, the Court would still be required to deny his petition for habeas relief because a claim of sentencing error under *Alleyne* is not cognizable under Section 2241; because *Booker*, not *Alleyne*, applies to his guidelines sentencing claim; and because no Sixth Amendment violation occurred under *Booker* in the imposition of a sentence well below the statutory maximum.

In *Alleyne*, the Supreme Court applied its precedent in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005) to hold that if the existence of a particular fact would increase the applicable *mandatory minimum* federal sentence, that fact is an "element" of the crime which the jury must find beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155 (*overruling Harris v. United States*, 536 U.S. 545 (2002)).   However, a claim of sentencing error under *Alleyne* does not provide a basis for relief under § 2241. *Cf. Romero v. Warden Florence FCI*, 550 F. App'x 72, 73 (3d Cir. 2014); *Alsop v. Chandler*, 551 F. App'x 217 (5th Cir. 2014); *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013); *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that because *Alleyne* is a "sentencing-error case," it "does not decriminalize the acts which form the basis of Petitioner's conviction," and therefore may not serve as a basis for an actual innocence claim to fall within the scope § 2241).

Ewing's reliance upon *Alleyne* is also misplaced because in his case, the trial court made a determination regarding his conduct committed ancillary to the crime of conviction in order to increase his offense level under the *sentencing guidelines*, not to increase a *mandatory minimum* sentence.   In *Alleyne*, the Supreme Court extended its holding in *Apprendi* to require a jury finding beyond a reasonable doubt of any fact used to increase the applicable mandatory minimum federal sentence. *Alleyne*, 133 S. Ct. at 2155. *Alleyne* is therefore irrelevant to Ewing because his sentence was not based upon a mandatory minimum established by federal statute. *Cf. Romero*, 2014 WL 3779172, at *2 ("*Alleyne* involved mandatory statutory minimum sentences, not routine calculations under the Sentencing Guidelines of the kind that Romero has repeatedly sought to challenge."); *Hames v. Sepanek*, No. 0:13-111-HRW (E.D. Ky. Sept.17, 2013).

4

Ewing's challenge to the trial court's findings to determine his offense level under the Sentencing Guidelines could more appropriately be predicated upon *Booker*, which extended the Supreme Court's Sixth Amendment jurisprudence in *Apprendi* and *Blakely v. Washington*, 542 U.S. 296 (2004), to the then-mandatory Sentencing Guidelines. *Booker*, 542 U.S. at 243-44. But *Booker* also invalidated those portions of the Sentencing Reform Act which made the Sentencing Guidelines mandatory, rendering them merely advisory in order to preserve the constitutionality of the remaining provisions. *Id.* at 245-46. As a result, a judge's "selection of particular sentences in response to differing sets of facts [does] not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." *Id.* at 233.

Of course, had Ewing wished to assert a claim under *Booker*, he could have done so before entry of judgment on October 27, 2006. Having failed to do so, he cannot make a Sixth Amendment claim under § 2241 at this late juncture, as the savings clause of 28 U.S.C. § 2255(e) does not permit resort to § 2241 where the defendant has failed to take advantage of a prior opportunity to assert his claim under § 2255. *Cf. Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

But most fundamentally, *Booker* and its progeny establish beyond cavil that Ewing's claim is without merit. As the Fourth Circuit has explained:

> Since *Apprendi v. New Jersey*, drug quantities that increase the statutory maximum sentence are elements of the offense and thus must be charged in the indictment and submitted to the jury for proof beyond a reasonable doubt. *See* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). While *Apprendi* affects the calculation of the statutory maximum sentence that may be imposed, *it does not affect the calculation of the applicable sentencing guideline range.* "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008), *cert. denied*, __

5

U.S. __, 129 S.Ct. 950, 173 L.Ed.2d 146 (2009); *see also United States v. Perry*, 560 F.3d 246, 258 (4th Cir. 2009) (holding that, after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts may "continue to make factual findings concerning sentencing factors ... by a preponderance of the evidence" and consider acquitted conduct when applying the guidelines in an advisory fashion).   As long as the sentence imposed does not exceed the maximum sentence authorized by the jury's verdict, the district court does not violate the Sixth Amendment by imposing a sentence based on a higher drug quantity than was determined by the jury.   *See United States v. Webb*, 545 F.3d 673, 677 (8th Cir. 2008).

*United States v. Izegwire*, 371 F. App'x 369, 374 (4th Cir. 2010) (emphasis added).  Here, Ewing pled guilty to conspiring to manufacture and distribute 500 or more grams of methamphetamine, and in doing so stipulated that the statutory maximum sentence he faced was life in prison.  *See* 21 U.S.C. § 841(b)(1)(A)(viii) ("In the case of a violation of subsection (a) of this section involving ... (viii) 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphet-amine, its salts, isomers, or salts of its isomers ... such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life ...")  Because the 324-month guidelines sentence imposed was substantially less than the statutory maximum sentence of life in prison, Ewing's rights under the Sixth Amendment were not violated.  *United States v. Johnson*, 732 F. 3d 577, 584 (6th Cir. 2013) ("*Alleyne* did not extend *Apprendi* to facts that do not increase the prescribed statutory penalties").

Finally, Ewing seeks relief from his sentence under 18 U.S.C. § 3582(c)(2).  A request for such relief must be sought by motion filed with the trial court, and Ewing has recently filed just such a motion on November 14, 2014.  Because § 3582(c) does not authorize this Court to grant the relief available under that section, it does not provide any basis for habeas relief.

Accordingly, **IT IS ORDERED** that:

1.      Ewing's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2.     The Court will enter a judgment contemporaneously with this order.

3.     This matter is **STRICKEN** from the docket.

This 6th day of January, 2015.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

7